IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

COURTNEY LOUISE HOWELL                                                                    PLAINTIFF

v.                                   Civil No. 13-5002

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Courtney Howell, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff filed her application for SSI on November 3, 2009, alleging an onset date May 1, 2009, due to mood disorders, borderline intellectual functioning (BIF), depression, obesity, learning disability, and diabetes.  Tr. 8, 29, 64-65, 71, 78, 123, 147, 151, 166, 170.  Plaintiff's application was denied initially and on reconsideration.  Tr. 71-74, 78-79.  An administrative hearing was held on May 4, 2011.  Tr. 24-63.  Plaintiff was present and represented by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the hearing, Plaintiff was 18 years old, possessed a tenth grade special education. Tr. 16, 28, 32. Plaintiff had no past relevant work ("PRW") experience. Tr.16.

On July 28, 2011, the ALJ found Plaintiff's depression, BIF, and history of attention deficit hyperactivity disorder (ADHD) to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 10-12. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform

> a wide range of work at all exertional levels but with the following nonexertional limitations: she must avoid all exposure to extreme heat. She is able to perform work where interpersonal contact is incidental to the work performed, e.g., assembly work; complexity of tasks is learned and performed by rote, with few variables, using little judgment; supervision required is simple, direct and concrete..

Tr. 12. With the assistance of a vocational expert, the ALJ found Plaintiff could perform work as a bench assembler and laundry worker. Tr. 16-17.

On November 8, 2012, the Appeals Council declined to review the ALJ's decision. Tr. 1-3. Subsequently, Plaintiff filed this cause of action. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 12, 13.

II.  **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.    Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the

4

workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

The ALJ concluded that Plaintiff's mood disorders, BIF, depression, and learning disability constituted severe impairments. She did not, however, obtain an RFC assessment from a doctor who had actually examined the Plaintiff. *See Snead v. Barnhart*, 360 F.3d 834, 839 (8th Cir. 2004) ("Because [the] evidence might have altered the outcome of the disability determination, the ALJ's failure to elicit it prejudiced [the claimant] in his pursuit of benefits.").

Records reveal that Plaintiff was in enrolled in special education classes from kindergarten through the tenth grade. Tr. 409-. On February 24, 1998, her full scale IQ was found to be 71, with a verbal IQ of 81 and a performance IQ of 68. Tr. 244.

On April 27, 2009, Plaintiff underwent a re-evaluation for continued special education services in the Rogers Public School System. Tr. 409-411. Based upon this evaluation, they concluded that she fell into the "Clinically Significant" range in several categories to include aggression, anxiety, conduct problems, depression, somatization , anger control, and executive functioning.

On May 19, 2009, Plaintiff was admitted to Vista Health for approximately 7 days following a suicide attempt. Tr. 207-217, 219-240, 278-281, 315-318. She had ingested 8 ounces of bathroom floor cleaner and hydrogen peroxide. Plaintiff indicated that she had attempted suicide because she was angry with her mother for not believing that she had an ear ache. Plaintiff was diagnosed with depressive disorder and assessed a global assessment of functioning score (GAF) of 20 upon entry and 30 upon discharge. Tr. 221, 226. According to the GAF

5

scale, a GAF of 21-30 is indicative of serious impairment in communication or judgment with an inability to function in almost all areas. *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR 34 (4th ed. 2000).

Follow-up visits to Vista Health did note improvement in her depression with medication. However, her highest GAF score was noted to be 53, with 50 being the most common score assessed. Tr. 270-272, 273-274, 297. A GAF of 50 is indicative of serious symptoms, while a GAF of 53 indicates moderate symptoms. *See id*.

On February 15, 2010, Plaintiff underwent a Mental Diagnostic Evaluation and Intellectual Assessment with Dr. Scott McCarty. Tr. 334-337. Dr. McCarty assessed her with mathematics disorder, reading disorder, learning disorder not otherwise specified, depressive disorder not otherwise specified, and borderline intellectual functioning with a GAF of 44 to 54. He made the following conclusions: 1) Plaintiff's low comprehension and and slowing, along with her learning disabilities suggested that her intellectual and learning issues would present significant to marked limitations in her coping capacity for the typical mental/cognitive demands of basic work-like tasks, 2) due to her limited comprehension and reading disorder, Plaintiff would likely have difficulty understanding, remembering, and carrying out complex verbal instructions or any written ones, 3) her slow processing speed suggested that her intellectual and learning issues would present significant limitations in her capacity to complete work-like tasks within an acceptable timeframe and to respond appropriately to work pressure, and 4) her intellectual and learning limitations appeared to present significant to marked limitations in the area of personal responsibility. He was not, however, asked to complete an RFC assessment.

At the administrative hearing, Plaintiff also testified that she had again attempted suicide by taking 12 Celexa pills one week prior to her disability hearing. Tr. 39. She was reportedly admitted to the hospital for 24-hour observation. While there are no medical records in the case to substantiate this hospitalization, we do believe the ALJ should have attempted to obtain these records prior to rendering an opinion in this matter.

As it stands, the only RFC assessment contained in the record was completed by a non-examining, consultative examiner who concluded Plaintiff suffered from moderate limitations in several areas. However, given Dr. McCarty's statements, we can not say that this assessment is supported by substantial evidence. Accordingly, we find that remand is necessary to allow the ALJ to obtain an RFC assessment from Dr. McCarty. If Dr. McCarty is unable or unwilling to complete said assessment, a new consultative mental evaluation should be ordered to include a full mental RFC assessment. On remand, the ALJ should also request any and all medical records concerning Plaintiff's suicide attempt in the spring of 2011.

**V.     Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 7th day of March 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)